IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON JAVIER CUEVAS, JR., | : | Civil No. 1:19-CV-01734 |
| Petitioner, | : | |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

This is a habeas corpus case brought under 28 U.S.C. § 2254 by Petitioner Nelson Javier Cuevas, Jr. ("Cuevas") to challenge a state criminal conviction. For the reasons that follow, the court will dismiss the habeas corpus petition as time-barred. A certificate of appealability will not be issued.

### BACKGROUND AND PROCEDURAL HISTORY

On October 26, 2004, Cuevas was charged in the Lebanon County Court of Common Pleas with robbery of a motor vehicle, criminal trespass, possession with intent to deliver cocaine, possession with intent to deliver marijuana, possession of marijuana, possession of drug paraphernalia, and criminal mischief. (Doc. 12-3.) Cuevas pleaded guilty on June 23, 2005, Doc. 12-7, and was then sentenced to thirty months to five years in prison on September 21, 2005. (Doc. 12-8.) Cuevas filed a motion to modify his sentence with the state trial court on September 28, 2005, which the court denied on October 3, 2005. (Docs. 12-10, 12-11.) On the

1

same day, Cuevas's counsel filed an *Anders* brief seeking permission to withdraw as counsel, which the court granted later that day. (Docs. 12-12, 12-14.) Cuevas did not file a direct appeal of his conviction or sentence. (*See* Doc. 12-2 at 10–11.)

Following his sentence, Cuevas was committed to a State Correctional Institution on November 14, 2005. (Doc. 12-15.) On March 20, 2012, Cuevas was released from prison on parole. (Doc. 12-17.) He was subsequently returned to prison on March 15, 2013, and then re-paroled on September 15, 2013. (Doc. 12-18.)

On August 6, 2019, Cuevas filed a petition for writ of habeas corpus in the state trial court. (Doc. 12-19.) In the petition, he argued that some of his underlying criminal charges should have been joined and that his counsel was ineffective for failing to raise this issue. (*Id.*) By way of relief, he sought credit for all time served and asked the court to dismiss a detainer that was confining him in the Lebanon County Prison. (*Id.*) The court denied the petition on August 16, 2019, and Cuevas appealed to the Pennsylvania Superior Court. (Docs. 12-20, 12-21.) The trial court ordered Cuevas to file a concise statement of errors complained of on appeal on October 25, 2019, and Cuevas then withdrew the appeal on October 31, 2019. (Docs. 12-22, 12-23.) The Superior Court accordingly dismissed Cuevas's appeal on December 16, 2019. (Doc. 12-24.)

On February 21, 2020, Cuevas filed a motion for post-conviction relief with the state trial court under Pennsylvania's Post-Conviction Relief Act ("PCRA"). (Doc. 12-25.) He alleged that post-conviction relief was appropriate because (1) his criminal proceeding violated the United States and Pennsylvania constitutions; (2) his counsel was ineffective; (3) his guilty plea was unlawfully induced; (4) the government obstructed his right to appeal; (5) exculpatory evidence was unavailable to him; (6) his sentence exceeded the lawful maximum; and (7) the trial court did not have jurisdiction. (*Id.* at 2.) The Commonwealth responded to Cuevas's petition on March 12, 2020. (Doc. 12-26.) On May 8, 2020, the court announced its intention to dismiss the petition as untimely without a hearing. (Doc. 12-27.) Cuevas then filed a response through counsel in which he asserted that he had not been given proper time credit for his sentence. (Doc. 12-28.) The court subsequently conducted a hearing on May 14, 2020, after which the court dismissed the PCRA petition. *See Commonwealth v. Cuevas*, No. CP-38-CR-0000616-2005 (Lebanon Cty. May 14, 2020).

Cuevas filed the petition for writ of habeas corpus that initiated the instant case on October 7, 2019. (Doc. 1.) He argues that habeas relief is appropriate because (1) some of the charges against him should have been joined; (2) the Commonwealth failed to credit his time served; (3) his counsel was ineffective;

and (4) his due process rights were violated because he was not able to access the courts. (*Id.*)

On October 24, 2019, Cuevas filed a brief in which he raises arguments for habeas corpus relief arising from two criminal cases that are more recent than the criminal case that gives rise to his habeas corpus petition in this case. *See* Doc. 3; *see also Commonwealth v. Cuevas*, No. CP-38-CR-0000069-2019 (Lebanon Cty. filed Jan. 14, 2019); *Commonwealth v. Cuevas*, No. CP-38-CR-0001655-2018 (Lebanon Cty. filed Oct. 12, 2018).[1] On April 8, 2020, Cuevas filed a motion to appoint counsel and a motion for compassionate release. (Docs. 7, 9.)

On April 21, 2020, the court issued an order requiring service of Cuevas's petition on Respondents the Commonwealth of Pennsylvania and the Pennsylvania Attorney General (collectively "Respondents"). (Doc. 10.) Respondents filed a response to the petition along with a brief on May 8, 2020, arguing that the petition should be denied because it is time-barred and because Cuevas failed to exhaust state court remedies before filing the petition with this district. (Docs. 12, 12-1.)

---

[1] The court has reviewed the public docket sheets associated with those cases to determine the procedural history that is relevant to the present case. In the earlier filed of the two cases, Cuevas was found guilty following a jury trial on January 31, 2020 and was sentenced on the same date. (*See Cuevas*, CP-38-CR-0001655-2018.) Cuevas filed a PCRA petition on February 19, 2020. (*See id.*) Cuevas also filed a direct appeal to the Superior Court and then the Supreme Court, which was dismissed on June 5, 2020. (*See id.*) In the later case, Cuevas was found guilty following a jury trial on July 28, 2020, and is currently awaiting sentencing, which is scheduled to proceed on December 30, 2020. (*See Cuevas*, No. CP-38-CR-0000069.)

The case was subsequently reassigned to the undersigned pursuant to a verbal order on December 3, 2020.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction under 28 U.S.C. § 2254(a), which allows a district court to issue a writ of habeas corpus to a petitioner who is "in custody pursuant to the judgment of a State court" if the petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."

## DISCUSSION

### A. The Petition for Writ of Habeas Corpus Is Dismissed as Untimely with Regard to Cuevas's 2005 Conviction

The court will first address Respondents' argument that the petition is untimely. (Doc. 12-1 at 4–6.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Under § 2244, Cuevas had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A).[2] Cuevas's judgment of sentence became final on November 2, 2005, when his time for seeking a direct appeal in the Pennsylvania Superior Court expired. *See* Pa. R. Crim. P. 720(A)(2)(a) (stating that notice of appeal must be filed within thirty days of the trial court's entry of an order deciding a post-sentence motion). Thus, Cuevas had one year from that date, or until November 2, 2006, to file a federal habeas corpus petition. Cuevas's petition, however, was not filed until October 7, 2019, nearly thirteen years after the expiration of the limitations period. Consequently, unless Cuevas's petition is subject to statutory or equitable tolling, it is time-barred.

Cuevas's petition is not subject to statutory tolling. Under AEDPA, the limitations period for a § 2254 habeas corpus petition is tolled during the time in

---

[2] Although 28 U.S.C. § 2244(d)(1) provides for other triggering events of the one-year limitations period, none apply here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

which "a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).  Here, Cuevas did not file an application for state collateral review until August 6, 2019, *see* Doc. 12-19, long after the limitations period for his habeas corpus petition had already expired.  Accordingly, his petition is not subject to statutory tolling.

The one-year statute of limitations may also be equitably tolled when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in [the] way and prevented timely filing" of the habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The doctrine of equitable tolling is appropriately applied when "principles of equity would make the rigid application of a limitation period unfair."  *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)).  Courts, however, should be sparing in their use of the doctrine.  *Id.* (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).  The petitioner bears the burden of showing that he is entitled to benefit from equitable tolling.  *Pace*, 544 U.S. at 418.  Here, Cuevas makes no argument as to why he is entitled to equitable tolling and accordingly fails to establish any extraordinary circumstances that would warrant equitable tolling of the limitations period.

Finally, the statute of limitations for § 2254 petitions may be excused if a petitioner makes "an adequate showing of actual innocence." *Satterfield v. Dist. Att'y of Phila.*, 872 F.3d 152, 163 (3d Cir. 2017). This is a "burdensome" standard that requires the petitioner to show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). Cuevas makes no actual innocence argument here and is accordingly not entitled to relief under the actual innocence exception.

Therefore, because Cuevas's petition is untimely and is not subject to statutory tolling, equitable tolling, or the actual innocence exception, the court will dismiss the petition as untimely to the extent that it is based on his 2005 conviction. Having reached that conclusion, the court will not consider Respondents' argument that the petition should be denied for failure to exhaust state court remedies.

### B. The Court Will Not Consider Any Claims Arising from Cuevas's 2020 Convictions

As noted above, Cuevas's brief raises arguments for habeas corpus relief arising from two criminal cases that are more recent than the criminal case that gives rise to his petition. (*See* Doc. 3.) There is some disagreement between district courts in this circuit as to whether a petitioner may join claims challenging separate and distinct convictions in one habeas corpus petition. *Compare, e.g.*,

*Lynch v. Garman*, No. 18-CV-03998, 2018 WL 5984850, at *2 (E.D. Pa. Oct. 15, 2018) (collecting cases where court concluded that a petitioner "must file separate petitions" when the petitioner "seeks relief from different judgments in state court . . . unless judicial economy counsels otherwise"), *with, e.g.*, *Rullan v. State of New Jersey*, No. 16-CV-02332, 2016 WL 4033950, at *1 n.1 (D.N.J. July 26, 2016) (concluding that petitioner could join claims attacking multiple judgments from the same state court, "although he is not required to do so").  This court need not decide whether claims arising from Cuevas's 2020 convictions could be joined with his claims challenging his 2005 conviction, however, because the claims challenging his 2020 convictions were only raised through a brief and were not raised in his petition.  A habeas corpus petition may not be amended through arguments made in a brief.  *Adams v. Superintendent SCI Huntingdon*, No. 1:19-CV-01455, 2020 WL 6158296, at *4 n.4 (M.D. Pa. Oct. 21, 2020); *Guerrero v. Quay*, No. 1:20-CV-00039, 2020 WL 4226566, at *5 n.3 (M.D. Pa. July 23, 2020); *Vines v. DiGuglielmo*, No. 06-CV-02658, 2007 WL 210106, at *4 n.5 (E.D. Pa. Jan. 23, 2007).  Accordingly, because the claims arising from Cuevas's 2020 convictions are not properly before the court, the court will not consider them.[3]

---

[3] This decision shall not be construed as ruling on the merits of any habeas claim arising from Cuevas's 2020 convictions and shall not have preclusive effect as to any future petitions attacking those convictions.

### C. Cuevas's Motion to Appoint Counsel Is Denied

Having concluded that Cuevas's petition for writ of habeas corpus is untimely, the court will also deny his motion to appoint counsel. A district court considering whether to appoint counsel in a civil case must, as a threshold matter, consider the merits of the petitioner's claims. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). "Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Id.* (quoting *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)). A district court abuses its discretion when it appoints counsel "to advance claims with no arguable merit in law and fact." *Houser v. Folino*, 927 F.3d 693, 698 (3d Cir. 2019). Here, because Cuevas's habeas corpus petition is untimely, it has no arguable merit in law or fact, and the court will accordingly deny the motion to appoint counsel.

### D. Cuevas's Motion for Compassionate Release Is Deemed Withdrawn

Finally, because Cuevas has not filed a brief in support of his motion for compassionate release as required by Local Rule 7.5, the motion is deemed withdrawn and will accordingly be denied. *See* M.D. Pa. L.R. 7.5.

### E. No Certificate of Appealability Will Issue

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant

has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  Cuevas fails to demonstrate that a COA should issue, and the court accordingly will not issue a COA.  The denial of a COA does not prevent Cuevas from appealing the order denying his petition so long as he seeks, and obtains, a COA from the Third Circuit Court of Appeals. See Fed. R. App. P. 22(b)(1).

## Conclusion

For the foregoing reasons, Cuevas's petition for writ of habeas corpus is dismissed as untimely, and his motion to appoint counsel and motion for compassionate release are denied.  No certificate of appealability will be issued.  An appropriate order follows.

                                                    s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 14, 2020